In my dissenting opinion in Peddy v. Montgomery,345 So.2d 631 (Ala. 1977), I expressed concern with this Court's approach in applying new and undeveloped constitutional standards to isolated state statutes without considering the impact on the entire statutory scheme of marital property rights. My plea was for judicial restraint at a time when these very issues were being nationally debated as a result of the proposed Equal Rights Amendment to the United States Constitution. This plea went unheeded by a majority of this Court. My concern was, and is, that many people will have their estate plans thwarted because of the piecemeal approach of the courts to this problem. Under our constitutional system these matters are peculiarly legislative in nature, and I consider judicial restraint, at times, to be extremely desirable.
The legislature, in April of this year, passed Act No. 82-399 (Regular Session, 1982). This Act takes effect January 1, 1983, and, among other things, deals with the elective share of surviving spouses. It would thus appear that women whose husbands die between the date of this decision and January 1, 1983, will not be able to dissent from their spouses' wills, as widows have previously been able to do and as widows and widowers will be able to do after January 1, 1983. I would not begin to speculate on the possible retroactive application of this Court's decision.
But be that as it may, the die is now cast and I see no need to dissent further. Therefore, I concur in the opinion of the Court. *Page 993